An official website of the United States government
Here's how you know



 FOIA.gov

MENU

**Thank you for visiting FOIA.gov, the government's central website for FOIA.** We'll continue to make improvements to the site and look forward to your input. Please submit feedback to National.FOIAPortal@usdoj.gov.

**Submission ID:** 2316606

# Success!

## Your FOIA request has been created and is being sent to the Federal Bureau of Prisons.

You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided. If you have questions about your request, feel free to reach out to the agency FOIA personnel using the information provided below.

### Contact the agency

FOIA Requester Service Center

202-616-7750

Kara Christenson, FOIA Public Liaison

202-616-7750

Kara Christenson, Room 924, HOLC Building
320 First Street, NW
Washington, DC 20534

---

# Request summary

Request submitted on **August 5, 2025**.

The confirmation ID for your request is **2316606**.



The confirmation ID is only for identifying your request on FOIA.gov and acts as a receipt to show that you submitted a request using FOIA.gov. This number does not replace the information you'll receive from the agency to track your request. In case there is an issue submitting your request to the agency you selected, you can use this number to help.

# Contact information

**Name**
Jason Leopold

**Mailing address**

**Phone number**

**Company/organization**

Bloomberg News

**Email**

jasonleopold@gmail.com

## Your request

I request disclosure from the federal Bureau of Prisons the following records: 1. A copy of the formal request from Deputy Attorney General Todd Blanche or any other official from the Office of the DAG or Attorney General sent to the Bureau of Prisons to transfer Ghislaine Maxwell (Register Number: 02879-509) from the Federal Correctional Institution in Tallahassee, Florida to Federal Prison Camp Bryan in Bryan, Texas. To be clear, I am only seeking the formal notification request seeking to transfer Ms. Maxwell. Please limit the search to the Director, Deputy Director, Chief of Staff, the Director or Assistant Director of the Correctional Program Division, the Acting Regional Director for the Southeast Division or the person in charge of the Southeast, the General Counsel. Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)): (A) An agency shall— (i) withhold information under this section only if— (I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or (II) disclosure is prohibited by law; and (ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and (II) take reasonable steps necessary to segregate and release

nonexempt information. . . . BOP should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part. INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS Please interpret the scope of this request broadly. The BOP is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.

## Fees

**What type of requester are you?**
media

**Fee waiver**
yes

**Fee waiver justification**
I am a senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America. I am filing this request on behalf of myself and Bloomberg News. I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes. Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public. If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request. I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

**The amount of money you're willing to pay in fees, if any**

$250

---

# Request expedited processing

**Expedited processing**

yes

**Justification for expedited processing**

I ask that my request be given expedited processing because there is an urgency to inform the public about actual federal government activity, and I am a person primarily engaged in disseminating information. As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. I have a compelling need to inform the public about a matter of overwhelming public interest. It relates to the renewed scrutiny on government's handling of the case files of the late Jeffrey Epstein and his prosecution as well as the Justice Department's unprecedented meetings with Ghislaine Maxwell in July 2025. The meetings with Maxwell came on the heels of a highly controversial decision by the Justice Department and the FBI to withhold from public disclosure tens of thousands of pages of documents from the government's investigation and prosecution of Jeffrey Epstein, records that would also late implicate Ms. Maxwell in his crimes for which she is now serving a 20 year sentence. The decision by the DOJ and FBI resulted in an immediate fierce backlash against President Donald Trump and his appointees by his own supporters that continues to dominate headlines a month later. Shortly after the DOJ and FBI's announcement, Ms. Maxwell, who has since appealed her conviction to the Supreme Court, indicated through intermediaries that she would be willing to testify before Congress and reveal the full truth about Mr. Epstein. Then, in what legal experts have called an unprecedented move, Deputy Attorney General Todd Blanch traveled to Tallahassee to meet with Ms. Blanche over the course of two days. Details of what they discussed were not revealed. President Trump, however, said after that meeting that he could, as president, pardon Ms. Maxwell. What followed next is a request by Mr. Blanche and the DOJ to transfer Ms. Maxwell to a minimum security prison in Texas. No rationale or explanation for the decision was given. But it raises very important questions about the public's trust in government and the government's integrity. The transfer of Ms. Maxwell raises questions about a quid pro quo and whether the DOJ is trying to curry favor with Ms. Maxwell in exchange for her silence. Because there is a lack of transparency around the issue the formal request to transfer Ms. Maxwell would help shed light on the actual government activity I am seeking. These records are not being requested for commercial purposes. I intend to use these records to write news stories

and inform the public about actual government activity. I certify the foregoing to be true and correct to the best of my knowledge and belief. _/s/_____JL_____



## CONTACT

Office of Information Policy (OIP)
U.S. Department of Justice
441 G St, NW, 6th Floor
Washington, DC 20530
E-mail: National.FOIAPortal@usdoj.gov

Hero image credit  CC3.0

| FREQUENTLY ASKED QUESTIONS

| DEVELOPER RESOURCES

| AGENCY API SPEC

| FOIA CONTACT DOWNLOAD

| FOIA DATASET DOWNLOAD

| ACCESSIBILITY

| PRIVACY POLICY

| POLICIES & DISCLAIMERS

| JUSTICE.GOV

| USA.GOV

**Exhibit 2**



U.S. Department of Justice
Federal Bureau of Prisons

*Central Office*
*320 First St., NW*
*Washington, DC  20534*

August 19, 2025

Jason Leopold
Bloomberg News


Dear Jason Leopold:

Request Number: 2025-06775

The Federal Bureau of Prisons (BOP) received the above-referenced Freedom of Information Act (FOIA) request wherein you seek expedited processing. A copy of your request is attached.

The Department of Justice requires all requests for records be processed on a first-in, first-out basis. The four exceptions to this requirement are: "(i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information; (iii) The loss of substantial due process rights; or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e). The BOP makes the determination regarding the first three exceptions, and the Department of Justice's Director of Public Affairs makes the determination when the fourth category is relied upon as the basis for requesting expedited treatment.

You requested expedited processing because "there is an urgency to inform the public about actual federal government activity, and I am a person primarily engaged in disseminating information."

This Office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally.

Additionally, you have requested expedited processing of your request pursuant to the Department's standard involving " matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). Pursuant to Department policy, we directed your request to the Director of the Department's Office of Public Affairs, who decides whether to grant or deny expedited processing under this standard. *See id.* at § 16.5(e)(2). While waiting for the Director to make a determination, we will begin processing your request.

If you have questions regarding the status of your request or anything discussed in this letter, including reformulating or narrowing your request, you may contact the Central Office; or the BOP's FOIA Public Liaison, Ms. Kara Christenson, at: 320 First Street NW, Room 924, Washington, DC 20534; bop-ogc-efoia-s@bop.gov; or 202-616-7750 (phone). You can also check the status of your request online at http://www.bop.gov/PublicInfo/execute/foia.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road (OGIS), College Park, MD 20740-6001; ogis@nara.gov; 202-741-5770 (phone); 1-877-684-6448 (toll free); or 202-741-5769 (fax).

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, DC 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

Sincerely,

S. Arellano, for
Kara Christenson
Supervisory Government Information Specialist

FOIA Request 2313151

The following list contains the entire submission submitted August 05, 2025 05:10:02pm ET, and is formatted for ease of viewing and printing.

## Contact information

| | |
|---|---|
| **First name** | Jason |
| **Last name** | Leopold |
| **Mailing Address** | |
| **City** | |
| **State/Province** | California |
| **Postal Code** | |
| **Country** | United States |
| **Phone** | |
| **Company/Organization** | Bloomberg News |
| **Email** | jasonleopold@gmail.com |

## Request

| | |
|---|---|
| **Request ID** | 2313151 |
| **Confirmation ID** | 2316606 |

| | |
|---|---|
| **Request description** | I request disclosure from the federal Bureau of Prisons the following records: 1. A copy of the formal request from Deputy Attorney General Todd Blanche or any other official from the Office of the DAG or Attorney General sent to the Bureau of Prisons to transfer Ghislaine Maxwell (Register Number: 02879-509) from the Federal Correctional Institution in Tallahassee, Florida to Federal Prison Camp Bryan in Bryan, Texas. To be clear, I am only seeking the formal notification request seeking to transfer Ms. Maxwell. Please limit the search to the Director, Deputy Director, Chief of Staff, the Director or Assistant Director of the Correctional Program Division, the Acting Regional Director for the Southeast Division or the person in charge of the Southeast, the General Counsel. Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)): (A) An agency shall— (i) withhold information under this section only if— (I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or (II) disclosure is prohibited by law; and (ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and (II) take reasonable steps necessary to segregate and release nonexempt information. . . . BOP should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part. INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS Please interpret the scope of this request broadly. The BOP is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought. |

## Supporting documentation

## Fees

| | |
|---|---|
| **Request category ID** | media |
| **Fee waiver** | yes |

| | |
|---|---|
| **Explanation** | I am a senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America. I am filing this request on behalf of myself and Bloomberg News. I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes. Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public. If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request. I will appeal any denial of my request for a waiver administratively and to the courts if necessary. |
| **Willing to pay** | $250 |

## Expedited processing

| | |
|---|---|
| **Expedited Processing** | yes |

| | |
|---|---|
| **Explanation** | I ask that my request be given expedited processing because there is an urgency to inform the public about actual federal government activity, and I am a person primarily engaged in disseminating information. As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. I have a compelling need to inform the public about a matter of overwhelming public interest. It relates to the renewed scrutiny on government's handling of the case files of the late Jeffrey Epstein and his prosecution as well as the Justice Department's unprecedented meetings with Ghislaine Maxwell in July 2025. The meetings with Maxwell came on the heels of a highly controversial decision by the Justice Department and the FBI to withhold from public disclosure tens of thousands of pages of documents from the government's investigation and prosecution of Jeffrey Epstein, records that would also late implicate Ms. Maxwell in his crimes for which she is now serving a 20 year sentence. The decision by the DOJ and FBI resulted in an immediate fierce backlash against President Donald Trump and his appointees by his own supporters that continues to dominate headlines a month later. Shortly after the DOJ and FBI's announcement, Ms. Maxwell, who has since appealed her conviction to the Supreme Court, indicated through intermediaries that she would be willing to testify before Congress and reveal the full truth about Mr. Epstein. Then, in what legal experts have called an unprecedented move, Deputy Attorney General Todd Blanch traveled to Tallahassee to meet with Ms. Blanche over the course of two days. Details of what they discussed were not revealed. President Trump, however, said after that meeting that he could, as president, pardon Ms. Maxwell. What followed next is a request by Mr. Blanche and the DOJ to transfer Ms. Maxwell to a minimum security prison in Texas. No rationale or explanation for the decision was given. But it raises very important questions about the public's trust in government and the government's integrity. The transfer of Ms. Maxwell raises questions about a quid pro quo and whether the DOJ is trying to curry favor with Ms. Maxwell in exchange for her silence. Because there is a lack of transparency around the issue the formal request to transfer Ms. Maxwell would help shed light on the actual government activity I am seeking. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public about actual government activity. I certify the foregoing to be true and correct to the best of my knowledge and belief.<br>_/s/_____JL_____ |

# Additional information

**attachments_supporting_documentation**